JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREG DENBY, | ) | Case No. CV 11-07939 DDP (AGRx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) | |
| Defendant. | ) | [Dkt. No. 4] |

Presently before the court is Defendant Mortegage Electronic Registration Systems, Inc. ("MERS")'s Motion to Dismiss Case. Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I.   Background**

In February 2007, Plaintiff executed a promissory note for $1,000,000, secured by a Deed of Trust against real property located at 12840 Rock Crest Lane, Chino Hills, California. (Notice of Removal at 59.) The deed identified nonparty First Horizon Home Loan Corporation as the lender and trustee and MERS as beneficiary and nominee for the lender. (Id. at 60.)

///

On February 10, 2010, Quality Loan Service Corp., as agent for the beneficiary, recorded a Notice of Default. (Id. at 78.) On September 22, 2010, MERS assigned its beneficial interest in the deed to First Horizon, a division of First Tennessee Bank National Association. (Id. at 84.) That same day, First Tennessee substituted Quality Loan Service as Trustee. (Id. at 88.) On January 14, 2011, Quality Loan recorded a Notice of Trustee's Sale. (Id. at 95.) Quality Loan ultimately recorded a Trustee's Deed Upon Sale in favor of foreclosing beneficiary First Horizon/First Tennessee. (Id. at 98.)

Plaintiff filed suit against MERS in California state court, alleging causes of action for (1) fraud, (2) violation of California Penal Code sections 115 and 115.5, (cancellation of assignment of deed of trust, (4) cancellation of voidable contract, (5) cancellation of instruments, (6) slander of title, and (7) quiet title. MERS removed to this court, and now seeks to dismiss Plaintiff's complaint.

**II. Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal when the plaintiff's allegations fail to state a claim upon which relief can be granted. When considering a 12(b)(6) motion to dismiss for failure to state a claim, " a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 433, 447 (9th Cir. 2000).

In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), the Supreme Court explained that a court considering a 12(b)(6) motion should first "identify[] pleadings that, because they are no more

than conclusions, are not entitled to the assumption of truth." Id. Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." (internal quotation marks omitted)).

**III. Discussion**

As an initial matter, Plaintiff's Opposition to the instant motion makes no reference to Defendant's arguments seeking to dismiss Plaintiff's first, second, fifth, sixth, and seventh causes of action. Accordingly, those claims are deemed abandoned, and are dismissed. See Shakur v. Schriro, 514 F,3d 878, 892 (9th Cir. 2008).

Plaintiff's Third Cause of Action to Void or Cancel Assignment of Deed of Trust is premised on the argument that MERS did not have legal authority to assign the deed of trust to First Horizon. (Compl. at 28.) As described above, however, MERS was listed as the beneficiary on the Deed of Trust. Several courts have held, however, that MERS, as beneficiary, may assign its beneficial interests. See, e.g. Wallace v. Mortgage Elec. Registration Sys., Inc., No. CV 11-8039 ODW, 2012 WL 94485 at *2 (C.D. Cal. January 11, 2012); Cercedes v. U.S. Bankcorp, No, CV 11-219 CAS, 2011 WL 2711071 at *5 (C.D. Cal. July 11, 2011); Wurtzberger v. Resmae Mortgage Corp., No. CV 01718 GEB, 2010 WL 1779972 at *4 (E.D. Cal.

3

1   April 29, 2010). Plaintiff's Third Cause of Action is, therefore,
2   dismissed.
3       Plaintiff brings his Fourth Cause of Action for Cancellation
4   of a Voidable Contract under various California statutes. The
5   court need not address Plaintiff's contentions that MERS was not
6   able to enter into contracts, however, because here MERS was not a
7   contracting party. Plaintiff has therefore failed to state a
8   plausible claim for cancellation of a voidable contract.

**IV. Conclusion**

10      For the reasons stated above, Defendant's Motion to Dismiss is
11  GRANTED. Plaintiff's claims are dismissed, with prejudice.

14  IT IS SO ORDERED.

17  Dated: May 22, 2012

    DEAN D. PREGERSON
    United States District Judge

4